UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

ARON OLEG BRONSTEIN,

Defendant.

---

00 Cr. 100 (PAE)

<u>ORDER</u>

PAUL A. ENGELMAYER, District Judge:

On December 1, 2020, the Court received a letter from Joseph Paukman, purporting to represent the estate of victim Kenneth Thompson in this case. Dkt. 118. That letter alleged that defendant Aron Oleg Bronstein had failed to pay monthly restitution payments, as previously ordered by the Court, *see* Dkt. 102, since January 2020. On December 3, 2020, Bronstein filed a letter representing that he had made all required payments through at least October 2020, and attached evidence both of his payments and the Government's receipt and acknowledgment of those payments. Dkt. 120. On December 8, 2020, the Government confirmed that Bronstein had consistently met his restitution amounts through November 19, 2020. Dkt. 121. The next day, Paukman responded that the Clerk of Court has informed him that it had not received any money to be distributed, and accused Bronstein and his alleged affiliates of perpetrating various vaguely described wrongs against him. Dkt. 122 (alleging forgeries by Bronstein in state court and other misdeeds). On January 7, 2021, the Government responded, confirming again that Bronstein had met his restitution obligations and arguing that none of Paukman's other allegations are properly before the Court. Dkts. 124 ("Gov't Ltr."), 124-1 (payment history).

Clear evidence shows that Bronstein has consistently met his restitution obligations each month, including most recently with an $800 payment on December 29, 2020.  *See* Dkt. 124-1. Paukman has not offered a factual basis to contend otherwise, and the Court is aware of none. The Court thus does not have occasion to take action with respect to Bronstein's payment obligations.

Nor is action warranted as to Paukman's other allegations.  For the reasons set forth in the Government's submission, federal law does not provide Paukman, or the estate he claims to represent, any right to pursue, through this criminal action, the other wrongs in which Bronstein allegedly engaged.  *See* Gov't Ltr. at 2–4.  Nor does it allow Paukman to compel the Government to do so.  *Id.*  Last, the limited evidence Paukman *has* submitted, purporting to show Bronstein fraudulently drawing on his family's accounts, does not at this time provide a basis on which to modify the restitution schedule the Court previously imposed.  *See* 18 U.S.C. § 3664(k) (authorizing, but not requiring, the Court to modify restitution amounts in light of a "material change in the defendant's economic circumstances").[1]

Accordingly, Paukman's pending requests are denied.

The Clerk of Court is respectfully directed to terminate the motions pending at dockets 111, 113, 114, 115, 117, and 118.

SO ORDERED.

---

[1] In a January 9, 2021 filing, Paukman suggests that the unsealing of certain state-court divorce proceedings might provide additional evidence of Bronstein's financial circumstances, based on out-of-court statements by unnamed family members of Bronstein's.  Dkt. 125.  Paukman offers no authority suggesting that the Court can or should order such relief.  The Court therefore will not do so at this time.

_____
PAUL A. ENGELMAYER
United States District Judge

Dated: January 11, 2021
        New York, New York